UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NICHOLAS DAINIAK, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-168-CEA-HBG |
| ) | |
| OAK RIDGE ASSOCIATED UNIVERSITIES, ) | |
| ("ORAU"), ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Amend Answer to Amended and Restated Complaint to Add Four Additional Affirmative Defenses by Oak Ridge Associated Universities, Inc. [Doc. 59]. Specifically, Defendant seeks to add the following affirmative defenses: (1) Plaintiff's defamation claim fails because the statements in the Management Memo dated May 8, 2018, are substantially true, (2) Defendant's communications are protected by qualified privilege and/or absolute privilege, (3) Plaintiff's defamation claim is barred by the statute of limitations, and (4) Plaintiff's false light claims are barred by the statute of limitations.

Plaintiff filed an objection [Doc. 66] to the Motion, asserting that Defendant has not shown good cause for its untimely Motion. In addition, Plaintiff argues that Defendant has waived the above defenses and that he will be substantially prejudiced if Defendant is permitted to amend its Answer. Defendant did not file a reply.

The Court notes that the deadline to amend the pleadings in this case expired on October 28, 2019. *See* [Doc. 22] (explaining that the deadline to amend pleadings is 45 days from September 12, 2019). Defendant did not move to amend its Answer until June 7, 2021. Federal Rule of Civil Procedure 6 governs extensions of deadlines and states as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

In the present matter, Defendant does not explain why it requested to amend its Answer beyond the deadline for amending the pleadings, and therefore, the Court cannot find good cause or excusable neglect for the untimely Motion. Accordingly, for this reason, the Court finds the Motion to Amend Answer to Amended and Restated Complaint to Add Four Additional Affirmative Defenses by Oak Ridge Associated Universities, Inc. [**Doc. 59**] not well taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge